UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
══════════════════════════════════

CHEVALIER R. JONES,                                    **NOTICE OF REMOVAL**

                              Plaintiff,

        v.

CITY OF BUFFALO, CITY OF BUFFALO
POLICE DEPARTMENT, PATRICK S. GARRY,
JONATHAN J. HANOVER, and JOHN and JANE
DOES 1-6 ARE UNIDENTIFIED OFFICERS
OF THE BUFFALO POLICE DEPARTMENT,

                              Defendants.
══════════════════════════════════

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK:**

        **PLEASE TAKE NOTICE,** that pursuant to 28 U.S.C. §§1441

and 1446, defendants, above-named, by their attorney, Cavette A. Chambers,

Corporation Counsel, David M. Lee, of counsel, hereby remove to this Court

the civil action filed in New York State Supreme Court, Erie County, bearing

Index Number 804735/2025. In support of this notice, defendants state that:

        1.      Plaintiff filed a summons and complaint against the defendants

in state court on March 18, 2025. The defendants were served with the

pleading on March 21, 2025.

        2.      An index identifying each document filed or served in the state

court action in chronological order is attached hereto at page 3. Copies of these

documents are attached hereto as exhibits.

1

3.      This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because the plaintiff's complaint asserts claims arising under, inter alia, 42 U.S.C. §1983.

4.      Venue is proper pursuant to 28 U.S.C. §1441(a) as this Court is the federal district court for the district embracing the place where the state court action is pending.

**WHEREFORE**, defendants file this notice of removal so that the action now pending in state court is removed to this Court for all further proceedings.

Dated:      Buffalo, New York
            April 14, 2025

                        Respectfully submitted,

                        Cavette A. Chambers
                        Corporation Counsel
                        Attorney for Defendants

                        By:    s/David M. Lee
                        Assistant Corporation Counsel
                        City of Buffalo Law Department
                        65 Niagara Square, 1114 City Hall
                        Buffalo, New York 14202
                        (716) 851-9691
                        dlee@city-buffalo.com

2

## INDEX OF DOCUMENTS FILED OR SERVED IN STATE COURT
## PRIOR TO REMOVAL

Exh. A:  Plaintiff's notice of claim.

Exh. B:  Defendants' N.Y. General Municipal Law §50-h notice.

Exh. C:  Plaintiff's summons and complaint.

Exh. D:  Defendants' answer.

Exh. E:  Defendants' N.Y. C.P.L.R. 3107 deposition notice.

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that promptly after filing the foregoing notice of removal in this Court, I will file the notice and attachments being filed with this Court on the New York State Courts Electronic Filing System, which will give notice to plaintiff and state court of the removal.

Dated:      Buffalo, New York
            April 14, 2025

                              s/David M. Lee
                              Assistant Corporation Counsel

# Exhibit A

---

CHEVALIER R. JONES,

                  Claimant,

     vs.

CITY OF BUFFALO,
BUFFALO POLICE DEPARTMENT,
PATRICK S. GARRY, JONATHAN J. HANOVER, and
UNIDENTIFIED OFFICERS OF THE BUFFALO
POLICE DEPARTMENT,

                  Respondents.

**NOTICE OF CLAIM**

CITY OF BUFFALO
DEPARTMENT OF LAW

OCT 2 7 2023

**RECEIVED**

---

**TO:   CITY OF BUFFALO,**

      **BUFFALO POLICE DEPARTMENT,**

      **PATRICK S. GARRY, JONATHAN J. HANOVER, and**

      **UNIDENTIFIED OFFICERS OF THE BUFFALO
POLICE DEPARTMENT,**

PLEASE TAKE NOTICE that the Claimant, **CHEVALIER R. JONES**, herein hereby

makes claim and demand against the CITY OF BUFFALO, BUFFALO POLICE

DEPARTMENT, PATRICK S. GARRY, JONATHAN J. HANOVER, and UNIDENTIFIED

OFFICERS OF THE BUFFALO POLICE DEPARTMENT, for injuries, damages, pain and

suffering, personal injuries, damages sustained by the Claimant due to the assault of the Claimant

by Buffalo Police Officers, excessive use of force against the Claimant by Buffalo Police

Officers, his false arrest; unlawful search and seizure of his person; violation of constitutional

rights under New York State Constitution Article I, Section 1 and 12; violation of constitutional

rights under the United States Constitution Fourth and Fourteenth Amendments; violation of due

process rights; intentional infliction of emotional distress; negligent infliction of emotional

1

distress; slander and liable of the Claimant as a result of an incident that occurred July 30, 2023 at approximately 5:17 p.m., at the parking lot located at Sycamore Street and Herman Street in the City of Buffalo, New York 14212, outside the Cricket phone store located at 731 Sycamore Street in the City of Buffalo, New York 14212 and other stores including Lucky's at 729 Sycamore Street in the City of Buffalo, New York 14212.  In support of this Notice of Claim, the Claimant state the following:

1.      The name of the Claimant is CHEVALIER R. JONES.  His post office address is 4593 Chestnut Ridge Road, Unit 1, Amherst, New York 14228.

2.      The name and address of Claimant's attorney is MARY E. MALONEY, whose office and post office address is 256 Third Street, Suite 31, Niagara Falls, New York, 14303, and telephone number is (716) 282-2356.

3.      The nature of the claim is an action for the recovery of damages sustained by the Claimant due to the assault of the Claimant by Buffalo Police Officers, excessive use of force against the Claimant by Buffalo Police Officers, his false arrest; unlawful search and seizure of his person; violation of constitutional rights under New York State Constitution Article I, Section 1 and 12; violation of constitutional rights under the United States Constitution Fourth and Fourteenth Amendments; violation of due process rights; intentional infliction of emotional distress; negligent infliction of emotional distress; slander and liable of the Claimant.

4.      The time when, the place where and the manner in which the claim arose: July 30, 2023 at approximately 5:17 p.m., at the parking lot located at Sycamore Street and Herman Street in the City of Buffalo, New York 14212, outside the Cricket phone store located at 731 Sycamore Street in the City of Buffalo, New York 14212 and other stores including Lucky's at 729 Sycamore Street in the City of Buffalo, New York 14212.

2

5.      Unless otherwise indicated, the facts set forth in this Notice of Claim are based upon information and belief, the sources of which include an investigation into this matter and a review of documents and video related to this claim.

6.      On or about 5:15 p.m. on July 30, 2023, the Claimant together with ROCHELLE T. ALSTON and their two year old daughter drove to said Lucky's store located at 729 Sycamore Street in the City of Buffalo, New York 14212 to pay a phone bill and seek repair of a phone.

7.      The Claimant was a passenger of ROCHELLE T. ALSTON's vehicle parked in the said parking lot.

8.      The Claimant went into said Lucky's store located at 729 Sycamore Street in the City of Buffalo, New York 14212 while ROCHELLE T. ALSTON and their two year old daughter remained in her car.

9.      The Claimant came out of said Lucky's store to obtain a code and information sent to ROCHELLE T. ALSTON's phone by T-Mobile phone company.

10.     While the Claimant, ROCHELLE T. ALSTON and their daughter remained in the car, an unidentified female Buffalo Police Department Officer approached the front passenger side of the car and looked inside, using a flashlight.

11.     The Claimant put the car window down and asked the unidentified Buffalo Police Officer words exactly or essentially "what is going on?"

12.     The unidentified Buffalo Police Officer responded to the Claimant exactly or essentially that "oh nothing. You look like somebody we're looking for."

13.     The unidentified Buffalo Police Officer then walked away from the car.

3

14.     The Claimant then opened the car door to return to said Lucky's store to complete his business.

15.     With the car door open and standing next to it, the Claimant was confronted by multiple Buffalo Police Officers including PATRICK S. GARRY.

16.     Upon information and belief, Buffalo Police Officer JONATHAN J. HANOVER was there or nearby.

17.     Buffalo Police Officer PATRICK S. GARRY then began verbally attacking and physically hitting, touching and shoving the Claimant into the side of ROCHELLE T. ALSTON's car without legal cause or right.

18.     Buffalo Police Officer PATRICK S. GARRY, together with multiple unidentified Buffalo Police Officers including upon information and belief Buffalo Police Officer JONATHAN J. HANOVER, then physically pushed and used force to slam the Claimant into the ground.

19.     Buffalo Police Officer PATRICK S. GARRY, together with multiple unidentified Buffalo Police Officers including upon information and belief Buffalo Police Officer JONATHAN J. HANOVER, restrained, hit, struck, used force to put their knees into the Claimant's ribs, used force to put their forearms and elbows on his body, struck his back, beat and assaulted CHEVALIER R. JONES all without legal cause or right.

20.     During this confrontation including the assault and afterwards, Buffalo Police Officer PATRICK S. GARRY told the Claimant that if he (the Claimant) had acted civilly this would not have happened.

21.     The Claimant believes this assault was racially motivated by the words and actions of Buffalo Police Officer PATRICK S. GARRY.

4

22.    The Claimant has learned in court proceedings that the suspect Buffalo Police
Officers claim they were looking for was a skinny black man with short hair in clothing other
than what the Claimant was wearing.

23.    Buffalo Police Officers in fact stop a suspect matching the exact description of the
suspect they claim they were looking for.

24.    Buffalo Police Officer PATRICK S. GARRY, together with other unidentified
Buffalo Police Officers, placed the Claimant under arrest.

25.    The Claimant was never given his Miranda rights.

26.    While arresting and placing the Claimant into a police vehicle, Buffalo Police
Officer PATRICK S. GARRY continued to yell at the Claimant that the Claimant did not act
civil.

27.    During the assault and arrest of the Claimant, Buffalo Police Officer PATRICK S.
GARRY, Buffalo Police Officer JONATHAN J. HANOVER, and other unidentified Buffalo
Police Officers failed to have or state a valid legal reason for the seizure and arrest of the
Claimant.

28.    During this beating, assault, restraining and arrest of the Claimant, the Claimant
was in fear of his life and thought he was going to die.

29.    During this beating, assault, restraining and arrest of the Claimant, the Claimant's
two year old daughter was upset, crying and appeared afraid.

30.    The Claimant's daughter witnessed her father being yelled at and physically
touched, pushed and hit by the Buffalo Police Officers.

31.    The Claimant was transported by Buffalo Police Officer PATRICK S. GARRY
and JONATHAN J. HANOVER to the police station.

5

32.     From the assault until release from the police station, the Claimant was bleeding in and about the face and had pain in his chest, back, arms, face and right ear.

33.     The Claimant was not given any medical aid.

34.     Instead of medical aid, the Claimant was given a paper towel by Buffalo Police Officer PATRICK S. GARRY and told to "wipe his face."

35.     The Claimant was held in custody for hours at the police station against his constitutional rights and will.

36.     Upon release from the police station, the Claimant went home but continued to experience pain and sickness.

37.     ROCHELL ALSTON telephoned an ambulance to take the Claimant to the hospital for medical treatment.

38.     The Claimant has had to endure court appearances for bogus criminal charges.

39.     The Claimant is caused to spend time and money defending himself in the Criminal Court for the City of Buffalo.

40.     The Claimant is at risk of losing his job if convicted of criminal charges.

41.     That issues of damage or injuries claimed are:  damages for the assault of the Claimant by Buffalo Police Officers, excessive use of force against the Claimant by Buffalo Police Officers, his false arrest; unlawful search and seizure of his person; violation of constitutional rights under New York State Constitution Article I, Section 1 and 12; violation of constitutional rights under the United States Constitution Fourth and Fourteenth Amendments; violation of due process rights; intentional infliction of emotional distress; negligent infliction of emotional distress; slander, liable and damage of the reputation of the Claimant, unlawful detention and loss of freedom, damages for personal injuries caused by his assault from Buffalo

6

Police Officers, medical costs, attorney's fees, mental and emotional suffering, damages for violation of his constitutional rights and for such other relief as the Court may grant.

42.    That said claim and demand is hereby presented for adjustment and payment.

WHEREFORE, the Claimant, **CHEVALIER R. JONES**, request that this claim be allowed and paid by the Respondents, CITY OF BUFFALO, BUFFALO POLICE DEPARTMENT, PATRICK S. GARRY, JONATHAN J. HANOVER, and UNIDENTIFIED OFFICERS OF THE BUFFALO POLICE DEPARTMENT. You are hereby notified that unless it is adjusted and paid within thirty (30) days of the date of presentation to you, the Claimant intends to commence an action in this matter.

Dated:  Niagara Falls, New York
        October 20, 2023

Respectfully Submitted,

**MALONEY & MALONEY**
**By:  Mary E. Maloney, Esq.**
Attorney for Claimant
Office and Post Office Address
256 Third Street, Suite 31
Niagara Falls, NY 14303
(716) 282-2356

7

STATE OF NEW YORK          )
                                                    > ss.:
COUNTY OF NIAGARA        )

   **Mary E. Maloney, Esq.,** being duly sworn, deposes and says that she is the attorney for

the Claimant in this action and that the foregoing Notice of Claim is true upon information and

belief; that the grounds of her information and belief are documents, video, investigation and

communication with the Claimant; and that the reason this verification is not made by Claimant

is that Claimant does not reside within the County of Niagara, which is the County where the

attorney has her office.

                                                                         **Mary E. Maloney**

Subscribed and sworn to before me
this _20th_ day of October, 2023.

Notary Public

MICHAEL V. MALONEY
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN NIAGARA COUNTY
MY COMMISSION EXPIRES 11-30-26

8

# Exhibit B

**In the Matter of the Claim of**

CHEVALIER R. JONES

    **-against-**

CITY OF BUFFALO, BUFFALO POLICE
DEPARTMENT, PATRICK S. GARRY,
JONATHAN J. HANOVER, and
UNIDENTIFIED OFFICERS OF THE
BUFFALO POLICE DEPARTMENT

**Notice for Examination Under
Oath or Affirmation**

      **PLEASE TAKE NOTICE,** that pursuant to New York State General Municipal
Law §50-h **CHEVALIER R. JONES** is to appear at the Law Department of the City of
Buffalo, located on the 11th floor of Buffalo City Hall, 65 Niagara Square, Buffalo, New
York on **January 4, 2023 at 11:00 a.m.** to be examined under oath or affirmation, upon
oral questions, by an Assistant Corporation Counsel for the City of Buffalo.

      **Please take further notice,** that upon request a transcript of the examination
shall be furnished to the claimant or claimant's counsel.

Dated: Buffalo, New York
      November 3, 2023

                                        CAVETTE A. CHAMBERS, ESQ.
                                        Corporation Counsel

                                        Ryan Sollenne
                                        Assistant Corporation Counsel
                                        1100 City Hall
                                        65 Niagara Square
                                        Buffalo, New York 14202

TO:    Maloney & Maloney, Attorneys at Law
       Attn:  Mary E. Maloney, Esq.
       256 Third Street, Suite 31
       Niagara Falls, New York 14303

**\*Upon receipt of this Notice please call
851-4343 to confirm your availability
for this examination.**

# Exhibit C

INDEX NO. 804735/2025

RECEIVED NYSCEF: 03/18/2025

FILED: ERIE COUNTY CLERK 03/18/2025 01:32 PM

NYSCEF DOC. NO. 1

STATE OF NEW YORK : COUNTY OF ERIE
SUPREME COURT

**CHEVALIER R. JONES,**
4593 Chestnut Ridge Road, Unit 1
Amherst, New York  14228,

                       Plaintiff,

      vs.

**CITY OF BUFFALO**
65 Niagara Square
Buffalo, New York 14202,

**CITY OF BUFFALO POLICE DEPARTMENT**
68 Court Street
Buffalo, New York 14202,

**PATRICK S. GARRY**
68 Court Street
Buffalo, New York 14202,

**JONATHAN J. HANOVER**
68 Court Street
Buffalo, New York 14202, **and**

**JOHN and JANE DOES 1-6 ARE UNIDENTIFIED OFFICERS
OF THE BUFFALO POLICE DEPARTMENT**
68 Court Street
Buffalo, New York 14202,

                    Defendants.

**Index No.:** _____

**SUMMONS**

## TO THE ABOVE NAMED DEFENDANT:

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action, and to serve

a copy of your answer, or, if the Complaint is not served with a summons, to serve a notice of

appearance, on the Plaintiffs' Attorney within twenty (20) days after service of this summons,

exclusive of the date of service, or within thirty (30) days after completion of service where service is

made in any other manner than by personal delivery within the State.  In case of your failure to

appear or answer, judgment may be taken against you by default for the relief demanded in the

Complaint.

    The County of Erie is designated as the venue based upon the location of the incident and

residence of the Plaintiff.

FILED: ERIE COUNTY CLERK 03/18/2025 01:32 PM

NYSCEF DOC. NO. 1

INDEX NO. 804735/2025

RECEIVED NYSCEF: 03/18/2025

DATED:    March 18, 2025
             Niagara Falls, New York

**Mary E. Maloney, Esq.**
**MALONEY & MALONEY**
Attorney for Plaintiff
Office and Post Office Address
256 Third Street, Suite 31
Niagara Falls, NY 14303
(716) 282-2356/Maloneylawyers@aol.com

FILED: ERIE COUNTY CLERK 03/18/2025 01:32 PM

NYSCEF DOC. NO. 1

INDEX NO. 804735/2025

RECEIVED NYSCEF: 03/18/2025

STATE OF NEW YORK : COUNTY OF ERIE
SUPREME COURT

**CHEVALIER R. JONES,**
4593 Chestnut Ridge Road, Unit 1
Amherst, New York  14228,

Plaintiff,

**Index No.:** _____

vs.

**COMPLAINT**

**CITY OF BUFFALO**
65 Niagara Square
Buffalo, New York 14202,

**CITY OF BUFFALO POLICE DEPARTMENT**
68 Court Street
Buffalo, New York 14202,

**PATRICK S. GARRY**
68 Court Street
Buffalo, New York 14202,

**JONATHAN J. HANOVER**
68 Court Street
Buffalo, New York 14202**, and**

**JOHN and JANE DOES 1-6 ARE UNIDENTIFIED OFFICERS
OF THE BUFFALO POLICE DEPARTMENT**
68 Court Street
Buffalo, New York 14202,

Defendants.

The **PLAINTIFF, CHEVALIER R. JONES**, by his attorney, MARY E. MALONEY

of MALONEY & MALONEY, for his complaint against the Defendants herein,

respectfully alleges unto the Court as follows:

### **NATURE OF THE ACTION**

1.      Plaintiff brings this action to redress the deprivation of rights secured to

Plaintiff under color of statute, ordinance, regulation, custom, and or to redress the

FILED: ERIE COUNTY CLERK 03/18/2025 01:32 PM
NYSCEF DOC. NO. 1

INDEX NO. 804735/2025

RECEIVED NYSCEF: 03/18/2025

deprivation of rights, privileges and immunities secured to the Plaintiff by the Fourth,

Fifth and Fourteenth Amendments to the Constitution of the United States and by Title

42 U.S.C. §§ 1983, 1985, 1986 and 1988, and by New York State law.

2.    Plaintiff seeks compensatory damages, punitive damages and attorneys

fees pursuant to said statutes, the Constitution of the United States, and for his

supplemental state law claims, for unlawful detention, and deprivation of his civil rights

as a result of the willingness and negligence of the Defendants, perpetrated by the

Defendants who maliciously assaulted and battered him, striking him with a closed fist,

then throwing him onto the parking lot hard surface to be further punched, kicked,

restrained and beat him in the face, torso, arms and legs causing injury, then to cover

their illicit acts, illegally and unlawfully arresting **PLAINTIFF, CHEVALIER R. JONES**,

by searching, detaining and taking into custody Plaintiff, holding him in a jail cell for a

period of time, bringing criminal charges against him requiring him to hire an attorney

and appear in court over eight times and to bring motions in connection with this false

arrest, all causing temporary and serious and permanent injuries and expense.

## JURISDICTION

3.    This action is brought pursuant to the laws of the State of New York and

42 U.S.C. §§ 1983, 1985, 1986 and 1988 and the Fourth, Fifth and Fourteenth

Amendments to the Constitution of the United States.

4.    This Court has subject matter jurisdiction over this matter pursuant to the

situ of the incident.

FILED: ERIE COUNTY CLERK 03/18/2025 01:32 PM

NYSCEF DOC. NO. 1

INDEX NO. 804735/2025

RECEIVED NYSCEF: 03/18/2025

## VENUE

5.    Venue is proper in this court as it is where the claims arose and also where all of the parties reside.

## JURY TRIAL DEMANDED

6.    Plaintiff respectfully demands a trial by jury of all issues in this matter.

## THE PARTIES

7.    **PLAINTIFF, CHEVALIER R. JONES**, (hereinafter "JONES") resides at 4593 Chestnut Ridge Road, Unit 1, Amherst, New York 14228.

8.    Defendant, **CITY OF BUFFAO, NEW YORK** (hereinafter "**CITY**"), is a municipal corporation organized under the laws of the State of New York with a principle place of business located at 65 Niagara Square in the City of Buffalo, County of Erie, State of New York.

9.    Defendant, **CITY** maintains the Buffalo Police Department (hereinafter "**BPD**") a duly authorized public authority and/or police department authorized to perform all functions of a police department pursuant to the applicable laws and regulations of **CITY** and the State of New York located at 68 Court Street in the City of Buffalo, County of Erie, State of New York.

10.    Defendant, **PATRICK S. GARRY** ("**GARRY**") is a police officer with the Buffalo Police Department located at 68 Court Street in the City of Buffalo, County of Erie, State of New York.

FILED: ERIE COUNTY CLERK 03/18/2025 01:32 PM

NYSCEF DOC. NO. 1

INDEX NO. 804735/2025

RECEIVED NYSCEF: 03/18/2025

11.    Defendant, **JONATHAN J. HANOVER** ("**HANOVER**") is a police officer with the Buffalo Police Department located at 68 Court Street in the City of Buffalo, County of Erie, State of New York.

12.    Defendants, **JOHN DOES 1-6** (hereinafter **DOE**) are UNIDENTIFIED POLICE OFFICERS WITH THE BUFFALO POLICE DEPARTMENT whose names are unknown and who are duly sworn police officers of **BPD** and employees of Defendant, **CITY** and acting under the supervision of Defendant, **CITY** and according to their official duties.

13.    That at all relevant times Defendant, **CITY**, either personally or through its employees, was acting under color of state law and/or in compliance with the official laws, rules, regulations, customs, statues, usages and/or practices of the State of New York and/or **COUNTY** of Erie.

14.    That at all times hereinafter mentioned, Defendant, **CITY**, owns **BPD** as a subsidiary.

15.    That at all times hereinafter mentioned, Defendant, **CITY**, maintains **BPD**.

16.    That at all times hereinafter mentioned, Defendant, **CITY**, operates **BPD**.

17.    That at all times hereinafter mentioned, Defendant, **CITY**, controls **BPD**.

18.    That at all times hereinafter mentioned, Defendant, **CITY**, manages **BPD**.

## NOTICE OF CLAIM

19.    On October 14, 2023 Plaintiff duly served upon Defendant, **CITY**, a Notice of Claim for the cause of action herein contained by serving Cavette Chambers, Corporation Counsel for Defendant, **CITY** in compliance with New York General Municipal Law § 50(e).

FILED: ERIE COUNTY CLERK 03/18/2025 01:32 PM

NYSCEF DOC. NO. 1

INDEX NO. 804735/2025

RECEIVED NYSCEF: 03/18/2025

20.    The nature of the claim is an action for the recovery of damages sustained by the Plaintiff due to assault, excessive use of force against the Plaintiff, false arrest, unlawful search and seizure of his person; unlawful arrest, unlawful prosecution, violation of constitutional rights under New York State Constitution Article I, Section 1 and 12; violation of constitutional rights under the United States Constitution Fourth and Fourteenth Amendments; violation of due process rights; intentional infliction of emotional distress; negligent infliction of emotional distress; slander and liable.

21.    The service of the Notice of Claim upon Defendant, **CITY**, was within ninety (90) days of the occurrence of the incident and/or arising of the claim.

22.    More than thirty (30) days have passed since the service of the Notice of Claim upon Defendant, **CITY** and Defendant, **CITY** has failed to adjust and/or dispose of the claim presented therein.

23.    This action is commenced within one year and ninety days of the accrual and/or occurrence of the cause of action after accounting for a stay during the criminal proceeding.

24.    On October 14, 2023 Plaintiff duly served upon Defendant, **BPD**, a Notice of Claim for the cause of action herein contained by serving Commissioner Joseph A. Gramaglia, Commissioner of Police for Defendant, **CITY** in compliance with New York General Municipal Law § 50(e).

25.    The service of the Notice of Claim upon Defendant, **BPD**, was within ninety (90) days of the occurrence of the incident and/or arising of the claim.

FILED: ERIE COUNTY CLERK 03/18/2025 01:32 PM
NYSCEF DOC. NO. 1

INDEX NO. 804735/2025
RECEIVED NYSCEF: 03/18/2025

26.    More than thirty (30) days have passed since the service of the Notice of Claim upon Defendant, **BPD** and Defendant, **BPD** has failed to adjust and/or dispose of the claim presented therein.

27.    This action is commenced within one year and ninety days of the accrual and/or occurrence of the cause of action after accounting for a stay during the criminal proceeding.

### FACTS

28.    On or about 5:15 p.m. on July 30, 2023, the Plaintiff together with ROCHELLE T. ALSTON, and their two year old daughter drove to the Cricket phone store located at 731 Sycamore Street in the City of Buffalo, New York 14212 to pay a phone bill and seek repair of a phone.  There were other stores in the plaza including Lucky's at 729 Sycamore Street in the City of Buffalo, New York 14212.

29.    ROCHELLE T. ALSTON was the driver of her vehicle.  She parked her car in the said parking lot.

30.    **PLAINTIFF, CHEVALIER R. JONES,** went into the Cricket phone store located at 731 Sycamore Street in the City of Buffalo, New York 14212 while ROCHELLE T. ALSTON and their two year old daughter remained in her car.

31.    **PLAINTIFF, CHEVALIER R. JONES,** came out of the Cricket phone store and sat in ROCHELLE T. ALSTON's car with her and their daughter to obtain a code and information sent to ROCHELLE T. ALSTON's phone by the Cricket company.

32.    While ROCHELLE T. ALSTON and their daughter remained in her car, an unidentified female Buffalo Police Department Officer approached the front passenger side of the car at approximately 5:20 p.m., and suddenly shone a flashlight in Plaintiff's

FILED: ERIE COUNTY CLERK 03/18/2025 01:32 PM

NYSCEF DOC. NO. 1

INDEX NO. 804735/2025

RECEIVED NYSCEF: 03/18/2025

face and the car, standing immediately next to the vehicle, obstructed the vehicle and looking inside.

33.   **PLAINTIFF, CHEVALIER R. JONES,** was in the front passenger seat. He put the car window down and asked the Buffalo Police Officer, upon information and belief "what's going on?"

34.   Upon information and belief, the unidentified female Buffalo Police Officer initially did not respond or gave a vague response.

35.   Upon information and belief, the unidentified female Buffalo Police Officer was then walking away from the car while Plaintiff was asking her questions about why she was looking in the car.

36.   At that time, Defendant, **GARRY,** interjected himself by aggressively yelling to Plaintiff from across the strip mall area as he walked toward the car, passing numerous bystanders on the walk.

37.   Defendant, **GARRY,** intervened and dominated by talking over the encounter begun by the unidentified female Buffalo Police Officer.

38.   Defendant, **GARRY,** yelling from a distance to Plaintiff "hey, yo, we can look in any car."

39.   The Plaintiff responded that "What the fxxx is you talking about."

40.   Defendant, **GARRY,** responded to Plaintiff "we can look any car"

41.   The Plaintiff said "well you can't look at nothing. I paid for this. What's up? What's you going to do" as he opened the car door and got out.

42.   Defendant, **GARRY,** response was to put his hands on the Plaintiff's chest and said "don't get aggressive with me. I can look at anything" as he placed his hands

FILED: ERIE COUNTY CLERK 03/18/2025 01:32 PM

NYSCEF DOC. NO. 1

INDEX NO. 804735/2025

RECEIVED NYSCEF: 03/18/2025

on the Plaintiff's chest and shoved him into the car and said "you're going to jail." He kept saying "you're going to jail."

43.     The Plaintiff stood up and Defendant, **GARRY**, again put his hands on the Plaintiff and threatened jail.

44.     Defendant, **GARRY**, said "you're getting aggressive as he had his hands on the Plaintiff and the Plaintiff looked at Defendant, **GARRY**'s hands on him and said what's aggressive, you're touching me."

45.     Defendant, **GARRY**, again threatened jail.

46.     At this point it was clear that the Plaintiff's identity either in person or in clothing did not match the description of a 911 caller making a report of a man with a gun.

47.     There was no probable cause to detain the Plaintiff in any manner.

48.     Defendant, **GARRY**, continued to put his hands on the Plaintiff without cause, pushing him and continued to threaten jail.

49.     After being shoved, poked and prodded by Defendant, **GARRY**, the Plaintiff slapped Defendant, **GARRY**'s hand from his body.

50.     With the car door open and standing next to it, **PLAINTIFF, CHEVALIER R. JONES,** was assaulted by the Defendant, **GARRY**, including punching him in the face with a closed fist.

51.     Defendant, **GARRY's**, verbal and physical attack upon the **PLAINTIFF, CHEVALIER R. JONES,** including punching him with a closed fist, shoving, pushing, prodding, yelling and detention were without legal cause or right.

FILED: ERIE COUNTY CLERK 03/18/2025 01:32 PM

NYSCEF DOC. NO. 1

INDEX NO. 804735/2025

RECEIVED NYSCEF: 03/18/2025

52.     Multiple Buffalo Police Officers joined the Defendant, **GARRY**, in the assault of the Plaintiff including pinning him against the car door, pushing him into the car so hard that the car was dented and pushing him to the ground, stomping on him, kicking him and assaulting him on the ground.

53.     Upon information and belief, Buffalo Police Officer JONATHAN J. **HANOVER**, beat and assaulted **PLAINTIFF, CHEVALIER R. JONES**.

54.     Multiple police officers used excessive and illegal force against the Plaintiff.

55.     During this beating and assault, the Plaintiff plead with the Buffalo Police Officers to stop.

56.     ROCHELLE T. ALSTON got out of her car and was confronted by an unidentified male and female Buffalo Police Officers who blocked her freedom of movement.

57.     Said unidentified male and female Buffalo Police Officers, without legal cause, told ROCHELLE T. ALSTON to put her hands on her vehicle.

58.     Meanwhile, the Plaintiff's two year old daughter was upset, crying and was afraid.

59.     The Plaintiff's daughter witnessed her father being physically touched, pushed, hit, injured and handcuffed by the Buffalo Police Officers.

60.     The said unidentified male and female Buffalo Police Officers, without legal cause, unlawfully searched ROCHELLE T. ALSTON.

FILED: ERIE COUNTY CLERK 03/18/2025 01:32 PM

INDEX NO. 804735/2025

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 03/18/2025

61. The Buffalo Police Officers, without permission or cause, then placed his head inside ROCHELLE T. ALSTON's car while the Plaintiff was being seized and the Plaintiff's daughter remained scared inside the car.

62. After a few minutes, ROCHELLE T. ALSTON was released by the Buffalo Police Officers.

63. After being beaten and assaulted, **PLAINTIFF, CHEVALIER R. JONES,** was unlawfully arrested, handcuffed and placed in one of the many police vehicles at the scene.

64. The reason Defendant, **GARRY**, gave the Plaintiff for his arrest was "had you only acted civilly. If you had only acted civilly. This was the reason he stated over and over: if the Plaintiff had only been civil.

65. During the beating, arrest and detainment, **PLAINTIFF, CHEVALIER R. JONES**, was subjected to mockery by Defendant **GARRY**.

66. There is no crime for 'failing to act civilly.'

67. **PLAINTIFF, CHEVALIER R. JONES**, was bleeding, not given medical aid and taken upon information and belief to a jail cell at the police department.

68. After some time, **PLAINTIFF, CHEVALIER R. JONES,** was released from custody, given a criminal charges for which he had to appear in court numerous times until the ultimate total dismissal of all charges.

69. Multiple police officers are the scene conspired to interfere with the civil rights of the Plaintiff including through either their direct actions, collusion or utter failure to stop the illegal actions of Defendant, **GARRY**.

FILED: ERIE COUNTY CLERK 03/18/2025 01:32 PM

NYSCEF DOC. NO. 1

INDEX NO. 804735/2025

RECEIVED NYSCEF: 03/18/2025

70.    Upon information and belief, Defendant **GARRY** has a trouble history and pattern of making false claims against innocent persons, failing to follow the law, use of excessive force against persons in the course of his duties under color of law, and engaging other officers through overt and deliberate action to support and back up the illegal acts of Defendant **GARRY** and other police officers.

71.    Specifically, the initial discussion with **PLAINTIFF, CHEVALIER R. JONES,** with the unknown female officer was without incident until Defendant **GARRY** came from across the parking lot and started loudly yelling and inserting himself into the discussion.

72.    Defendant **GARRY** escalated the situation by yelling and physically pushing **PLAINTIFF, CHEVALIER R. JONES,** without cause, probable or otherwise.

73.    As a direct and proximate result of Defendants' actions, Plaintiff was deprived of his due process rights, remedies, privileges, and immunities under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

74.    The actions of Defendants, acting under color of State law, deprived Plaintiff of his due process rights, and rights, remedies, privileges and immunities under the laws and Constitution of the United States, treatise, ordinances, custom and usage of a right, in particular, the right to free from false allegations and reporting, to be secure in his person and property, to be free from malicious prosecution, abuse of process, and right to due process.

75.    By these actions, Defendants have deprived Plaintiff of rights secured by treatise, ordinances, custom and usage of a right, First, Fourth, Fifth, Eighth, and

FILED: ERIE COUNTY CLERK 03/18/2025 01:32 PM

NYSCEF DOC. NO. 1

INDEX NO. 804735/2025

RECEIVED NYSCEF: 03/18/2025

Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, 1985 and 1986

76.     Defendants, **CITY** and **BPD** knew about the deprivation of individual rights by the individual defendants or should have known about it particularly Defendant **GARRY**.

77.     At all relevant times, Defendants, **CITY** and **BPD** staffed its police departments with officers, including **JOHN DOES 1, 2, 3, 4, 5 and 6**, who were unsupervised, undisciplined, inadequately trained and wholly unsuited to perform as police officers.

78.     At all relevant times, Defendants, **CITY and BPD** knew, or should have known, that employees were abusing authority to carry out personal, political or illegal vendettas against members of the public.

### AS AND FOR A FIRST CAUSE OF ACTION, PLAINTIFF RESPECTFULLY ALLEGES UNTO THE COURT AS FOLLOWS: 42 U.S.C. § 1983 – all Defendants

79.     Plaintiff repeats, realleges and reaffirms, as part of his cause of action, each and every allegation contained in the paragraphs of this Complaint marked and designated 1 through 78 with the same force and effect as if set forth herein.

80.     By assaulting, detaining and arresting Plaintiff without justification, probable cause or reasonable suspicion, Defendants deprived Plaintiff of his due process rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights

FILED: ERIE COUNTY CLERK 03/18/2025 01:32 PM

NYSCEF DOC. NO. 1

INDEX NO. 804735/2025

RECEIVED NYSCEF: 03/18/2025

guaranteed by First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

81.    The Defendants, particularly the police officers present at the scene, knew that the civil rights of the Plaintiff were being violated yet refused to aid or present the commission of the same.

82.    The Defendants, particularly the police officers present at the scene, chose to support the wrongful officers as collusion in furtherance of what is commonly known as the 'blue line' rather than protect innocent persons including a two year old child.

83.    The Plaintiff believes he was denied his rights in part due to the color of his skin.

84.    The Plaintiff believes that he was judged on the color of his skin rather than the content of his character and person.

85.    The Plaintiff believes that the many, many police officers at the scene allegedly responding to a description of a person with a gun were looking for some person who was not him, his daughter, or ROCHELLE T. ALSTON.

86.    Plaintiff believes he was judged to be a black person in the 'hood' who did not deserve the protections of his civil rights.

87.    The Plaintiff believes he was viewed as someone other than who he is:  a hard-working man and father who was employed and has been employed consistently for years.

88.    Instead, the Defendants engaged in a group stomping and beating of **PLAINTIFF, CHEVALIER R. JONES,** before ROCHELLE T. ALSTON and their

daughter's own eyes because an out of control, heightened emotional police officer was allowed to push, stomp and beat up an innocent person.

89.    Comments from the Defendant **GARRY**, to bystanders exposed the illegal intent and thinking he had including telling one bystander who was criticizing him to "get a job".

90.    The Defendant police officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as agents and officers of Defendants, **CITY and BPD**.  Said acts by the individual Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and the individual Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

### AS AND FOR A SECOND CAUSE OF ACTION, PLAINTIFF RESPECTFULLY ALLEGES UNTO THE COURT AS FOLLOWS: 42 U.S.C. § 1985 (Conspiracy to Interfere with Rights) – all Defendants

91.    Plaintiff repeats, realleges and reaffirms, as part of his cause of action, each and every allegation contained in the paragraphs of this Complaint marked and designated 1 through 90 with the same force and effect as if set forth herein.

92.    Defendants conspired together to deprive the Plaintiff of his civil rights in violation of 42 U.S.C. § 1985(3).

93.    The conspiracy included those involved with law enforcement actions in and around the plaza locate at 731 Sycamore Street in the City of Buffalo on July 30, 2023 at or around 5:15 p.m.

FILED: ERIE COUNTY CLERK 03/18/2025 01:32 PM          INDEX NO. 804735/2025

NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 03/18/2025

94.    The conspirators engaged in overt acts in furtherance of the conspiracy, including but not limited to using violent force against persons challenging the unlawful acts of a police officer.

95.    Upon information and belief, this conspiracy targeted black, brown and Latino people or persons who police officers thought were black, brown or Latino persons. Those groups are protected classes under 42 U.S.C. § 1985(3).

96.    The conspiracy targeted persons in poor sections of the City of Buffalo that are predominantly known as areas resided in or used by black or brown persons.

97.    The conspiracy targeted Plaintiff and violated his Fourth Amendment rights.

98.    Upon information and belief, Defendant **GARRY** held animus towards black, brown and Latino persons.

99.    Upon information and belief, Defendant **GARRY** held animus towards persons who question his authority and ego.

100.    The conspiracy targeted and interfered with Plaintiff's right to be free as protected by the constitution.

101.    By detaining, assaulting, arresting and confining Plaintiff in a custodial stop without justification, probable cause or reasonable suspicion, Defendants deprived Plaintiff of his due process rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1985, including, but not limited to, rights guaranteed by First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

FILED: ERIE COUNTY CLERK 03/18/2025 01:32 PM
INDEX NO. 804735/2025
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 03/18/2025

102.    The Defendant police officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as agents and officers of Defendants, **CITY and BPD**.  Said acts by the individual Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and the individual Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. § 1985, and by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

103.    The Defendants wrongfully, illegally and unlawfully assaulted, arrested, detained, confined and imprisoned the Plaintiff.  The wrongful assault, arrest, detention, confinement, imprisonment and custodial stop of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion or cause.

104.    At all times relevant hereto, Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, malicious, unreasonable, unconscionable, and flagrant disregard of Plaintiff's rights, privileges, welfare and well-being and are guilty of egregious and gross misconduct toward the Plaintiff.

### AS AND FOR A THIRD CAUSE OF ACTION, PLAINTIFF RESPECTFULLY ALLEGES UNTO THE COURT AS FOLLOWS: 42 U.S.C. § 1986 – all Defendants (Failure to Prevent a Conspiracy to Interfere with Rights)

105.    Plaintiff repeats, realleges and reaffirms, as part of his cause of action, each and every allegation contained in the paragraphs of this Complaint marked and designated 1 through 104 with the same force and effect as if set forth herein.

FILED: ERIE COUNTY CLERK 03/18/2025 01:32 PM
NYSCEF DOC. NO. 1

INDEX NO. 804735/2025
RECEIVED NYSCEF: 03/18/2025

106.    Defendants, including but not limited to **GARRY, HANOVER** and **JOHN and JANE DOES 1-6** violated 42 U.S.C. § 1986 by failing to meet their duty to prevent or aid in preventing conspiracies to deprive civil rights.

107.    Defendants knew that a Section 1985 violation was about to occur or was occurring, had the power to prevent or aid in preventing it, and neglected or refused to prevent or aid in preventing it.

108.    Law enforcement's failure to stop unlawful assault, search, seizure, detention and confinement or violence to Plaintiff by a 42 U.S.C. § 1985(3) conspiracy when they knew it is about to occur is a quintessential Section 1986 violation.

109.    As set forth herein, the Defendants knew of the explosive anger and reaction of Defendant **GARRY** in carrying out his duties and failed to stop or take action to prevent the public from being subjected to him.

110.    Defendant **GARRY** should not be a police officer dealing with the public on the streets of Buffalo.

111.    As a result of Defendants' failure to prevent or aid in preventing the Section 1985 conspiracy, the Plaintiff was injured and his rights violated.

112.    Defendants acted with reckless or callous indifference to the federally protected rights of the Plaintiff and therefore are liable for damages.

**AS AND FOR A FOURTH CAUSE OF ACTION, PLAINTIFF
RESPECTFULLY ALLEGES UNTO THE COURT AS FOLLOWS:
VIOLATION OF FOURTH AMENDMENT RIGHT TO FREEDOM
FROM UNREASONABLE SEARCH AND SEIZURE– all Defendants**

FILED: ERIE COUNTY CLERK 03/18/2025 01:32 PM    INDEX NO. 804735/2025

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 03/18/2025

113.    Plaintiff repeats, realleges and reaffirms, as part of his cause of action, each and every allegation contained in the paragraphs of this Complaint marked and designated 1 through 112 with the same force and effect as if set forth herein.

114.    The actions of Defendants namely the forcing of Plaintiff to an illegal search and seizure without a warrant or probable cause to confine him violated his rights under the Fourth Amendment to the United States Constitution to be free from unreasonable searches.

115.    Defendants are jointly and severally liable to the Plaintiff pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) for this violation of his rights.

116.    Defendants acted with reckless or callous indifference to the federally protected rights of the Plaintiff and are liable for damages.

### AS AND FOR A FIFTH CAUSE OF ACTION, PLAINTIFF RESPECTFULLY ALLEGES UNTO THE COURT AS FOLLOWS: DUE PROCESS RIGHTS – all Defendants

117.    Plaintiff repeats, realleges and reaffirms, as part of his cause of action, each and every allegation contained in the paragraphs of this Complaint marked and designated 1 through 116 with the same force and effect as if set forth herein.

118.    The acts described herein had the intent and the effect of humiliating and debasing the Plaintiff and suppressing his rights.  These acts included, among other things, mocking him, yelling at him, punching him, pushing him, shoving him, threatening him, throwing him to the ground, kicking him, striking him, handcuffing him, searching him in front of a crowd of bystanders, keeping him confined, and depriving him of his rights.

FILED: ERIE COUNTY CLERK 03/18/2025 01:32 PM    INDEX NO. 804735/2025
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 03/18/2025

119.    Defendants are liable for said conduct in that Defendants participated in, set the conditions, directly and indirectly facilitated, ordered, acquiesced, confirmed, ratified and/or conspired together in denying the Plaintiff his due process rights under New York law.

120.    Plaintiff suffered as a result of these acts.

## AS AND FOR A SIXTH CAUSE OF ACTION, PLAINTIFF RESPECTFULLY ALLEGES UNTO THE COURT AS FOLLOWS: MUNICIPAL LIABILITY

121.    Plaintiff repeats, realleges and reaffirms, as part of his cause of action, each and every allegation contained in the paragraphs of this Complaint marked and designated 1 through 120 with the same force and effect as if set forth herein.

122.    The Defendants acts were based on a policy, practice and custom established by Defendants **CITY and BPD** to deny persons their civil rights.

123.    The policies, practices and customs alleged herein are so persistent and widespread that it constitutes a custom of which constructive knowledge can be implied on the part of the policymaking officials in Defendant **CITY and BPD**.

124.    Defendants' policymaking officials, in furtherance of the policies, practices and customs alleged herein, refused, failed and/or neglected to properly train or supervise their subordinates, amounting to 'deliberate indifference' to the rights of those who come in contact with the municipal employees, including Plaintiff.

125.    Defendants owed a duty of care to Plaintiff.

126.    Defendants allowed this conduct including but not limited to allowing Defendant **GARRY** to remain a police officer and/or a police officer in direct dealing with citizens on the street.

FILED: ERIE COUNTY CLERK 03/18/2025 01:32 PM
INDEX NO. 804735/2025

NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 03/18/2025

127.    Under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that a harm to Plaintiff or those in a like situation would result from conduct described herein.

128.    Upon information and belief, Defendants knew or should have known through the exercise of reasonable diligence that the Defendant police officers were not prudent and were potentially dangerous.

129.    Upon information and belief, Defendants negligence in hiring and retaining the Defendant police officers proximately caused Plaintiff's injuries.

130.    Defendants **BPD and CITY**, as employers of Defendant police officers are responsible for their wrongdoing under the doctrine of respondeat superior.

131.    Defendants policies, practices and customs led to improper conduct by its police officers.

132.    In failing to take any corrective actions, Defendants **BPD and CITY** acted with deliberate indifference, and its failure was a direct and proximate cause of the Plaintiff's harms and injuries and deprivation of rights as describe herein.

WHEREFORE, the Plaintiff, **CHEVALIER R. JONES**, demands a judgment for his causes of action against Defendants, **CITY OF BUFFALO, CITY OF BUFFALO POLICE DEPARTMENT, PATRICK S. GARRY, JONATHAN J. HANOCER and JOHN DOES 1, 2, 3, 4, 5 and 6**, individually, in the amount as follows:

1.    For the First Cause of Action an amount upwards of $850,000.00 together with attorneys fees, costs and disbursements of this action;

FILED: ERIE COUNTY CLERK 03/18/2025 01:32 PM
NYSCEF DOC. NO. 1

INDEX NO. 804735/2025

RECEIVED NYSCEF: 03/18/2025

2.    For the Second Cause of Action an amount upwards of $850,000.00

together with attorneys fees, costs and disbursements of this action;

3.    For the Third Cause of Action an amount upwards of $850,000.00

together with attorneys fees, costs and disbursements of this action;

4.    For the Fourth Cause of Action an amount upwards of $500,000.00

together with attorneys fees, costs and disbursements of this action;

5.    For the Fifth Cause of Action an amount upwards of $500,000.00

together with attorneys fees, costs and disbursements of this action;

6.    For the Sixth Cause of Action an amount upwards of $500,000.00

together with attorneys fees, costs and disbursements of this action;

Dated:  Niagara Falls, New York
        March 18, 2025

                                    Respectfully Submitted,

                                    **MALONEY & MALONEY**
                                    **By:  Mary E. Maloney, Esq.**
                                    Attorney for Plaintiff
                                    256 Third Street, Suite 31
                                    Niagara Falls, NY 14303
                                    (716) 282-2356

FILED: ERIE COUNTY CLERK 03/18/2025 01:32 PM    INDEX NO. 804735/2025

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 03/18/2025

STATE OF NEW YORK    )

                           > ss.:

COUNTY OF NIAGARA    )

      **CHEVALIER R. JONES**, being duly sworn says that he is the Plaintiff of the

within **COMPLAINT**; that deponent has read the foregoing **COMPLAINT** and knows the

contents thereof, that the same is true to deponent's knowledge, except as to those

matters therein stated to be alleged upon information and belief; and that as to those

matters he believes them to be true.

                                       **CHEVALIER R. JONES**

Subscribed and sworn to before me
this ___18th___ day of March, 2025.

Notary Public

MARY ELLEN MALONEY
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02MA6244846
Qualified in Erie County
Commission Expires July 18, 20__

## Attorney Certification

      I certify that, to the best of my knowledge, information and belief, formed after an

inquiry reasonable under the circumstances, the presentation of the paper or the

contentions therein are not frivolous as defined and subsection (c) of Section 130-1.1.

**DATED**:  March 18, 2025

                         **MARY E. MALONEY, ESQ.**
                         **MALONEY & MALONEY**
                         Attorneys for Plaintiff
                         256 Third Street, Suite 31
                         Niagara Falls, New York  14303
                         (716)  282-2356

# Exhibit D

FILED: ERIE COUNTY CLERK 04/09/2025 04:20 PM  INDEX NO. 804735/2025
NYSCEF DOC. NO. 2                                    RECEIVED NYSCEF: 04/09/2025

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

CHEVALIER R. JONES,

        Plaintiff,

    v.

CITY OF BUFFALO,
BUFFALO POLICE DEPARTMENT,
PATRICK S. GARRY, JONATHAN J. HANOVER, and
JOHN and JANE DOES 1-6, as unidentified officers
of the Buffalo Police Department,

        Defendants.

---

**ANSWER**

Index No.: 804735/2025

      Defendants, City of Buffalo (hereinafter "City"), Buffalo Police Department (hereinafter "BPD"), Patrick S. Garry ("Officer Garry"), Jonathan J. Hanover ("Officer Hanover"), and Buffalo Police Officers John and Jane Does 1-6 ("Does") (hereinafter combined as "Defendants"), by their undersigned attorneys, for their Answer to plaintiffs' Complaint, upon information and belief allege:

    1.    Admit the allegations in paragraphs 8, 9, 10, and 11 of the Complaint.

    2.    Deny the allegations contained in paragraphs 2, 20, 47, 48, 50, 51, 52, 53, , 54, 57, 60, 61, 63, 69, 70, 72, 73, 74, 76, 78, 80, 81, 82, 88, 90, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 106, 107, 108, 109, 110, 111, 112, 114, 116, 118, 119, 120, 122, 123, 124, 126, 127, 128, 129, 131, and 132 of the Complaint.

    3.    Deny knowledge or information sufficient to form a belief about the allegation in paragraphs 5,7, 12, 13, 21, 22, 2, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, , 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 49, 55, 56, 58, 59, 62, 64, 65, 67, 68, 71, 77, 83, 84, 85, 86, 87, and 89 of the Complaint.

1

4.      The allegations contained in paragraphs 1, 3, 4, 6, 66, 75, 115, 125, and 130 of the Complaint assert legal conclusions, which do not warrant a response. However, to the extent that a response is warranted, Defendants deny the allegations contained in those paragraphs.

5.      Responding to paragraphs 14, 15, 16, 17, and 18, City admits that the BPD is an administrative arm of the City that does not exist separate and apart from the City and does not have its own legal identity.

6.      Responding to paragraph 19, Defendants admit to receiving what was entitled a Notice of Claim on or about October 14, 2023, as alleged in paragraph 20, but deny the remaining allegations contained in that paragraph.

7.      Defendants deny each and every allegation of the Complaint not specifically answered herein.

## FIRST DEFENSE

8.      Plaintiff's damages, if any, must be reduced in proportion to their own culpable conduct, pursuant to CPLR 1411.

## SECOND DEFENSE

9.      Plaintiff cannot recover damages that could have been avoided or mitigated.

## THIRD DEFENSE

10.     Any damages must be reduced by the amount plaintiff has received, or will with reasonable certainty receive from collateral sources, pursuant to CPLR 4545.

## FOURTH DEFENSE

11.     Defendants will claim an offset pursuant to General Obligations Law §15 - 108, if applicable.

2

FILED: ERIE COUNTY CLERK 04/09/2025 04:20 PM
NYSCEF DOC. NO. 2

INDEX NO. 804735/2025

RECEIVED NYSCEF: 04/09/2025

**FIFTH DEFENSE**

12.    Defendants' liability may be limited under Article 16 of the CPLR.

**SIXTH DEFENSE**

13.    Plaintiff may have failed to join necessary parties.

**SEVENTH DEFENSE**

14.    In the event that plaintiff does recover against Defendants, Defendants will request that an apportionment of fault be made as to all parties and non-parties legally responsible for the damages alleged in the Complaint and will further request a judgment or declaration of indemnification or contribution against all those parties or non-parties in accordance with the apportionment of fault.

**EIGHTH DEFENSE**

15.    Defendants are protected from liability by the doctrine of qualified immunity.

**NINTH DEFENSE**

16.    Defendants are protected from liability by the doctrine of governmental function immunity.

**TENTH DEFENSE**

17.    The Complaint may be barred, in whole or in part, by the existence of probable cause, reasonable suspicion, or arguable probable cause or arguable reasonable suspicion.

**ELEVENTH DEFENSE**

18.    The complaint may be barred, in whole or in part, by the doctrines of res judicata and collateral estoppel.

3

FILED: ERIE COUNTY CLERK 04/09/2025 04:20 PM                INDEX NO. 804735/2025
NYSCEF DOC. NO. 2                                                   RECEIVED NYSCEF: 04/09/2025

### TWELFTH DEFENSE

19.    The Complaint, in whole or in part, fails to state a claim upon which relief

can be granted.

### THIRTEENTH DEFENSE

20.    Any use of force against plaintiff was justified.

### FOURTEENTH DEFENSE

21.    Personal jurisdiction is lacking over the Defendants.

### FIFTEENTH DEFENSE

22.    Plaintiff failed to comply with the pleading requirements for suing a

municipality.

**WHEREFORE**, Defendants request judgment dismissing the complaint, together with

the costs and disbursements of this action, and any additional relief the Court deems

appropriate.

Dated: April 9, 2025
      Buffalo, New York

                        CAVETTE A. CHAMBERS
                        Corporation Counsel
                        Attorneys for Defendants

                        *Ryan M. Sollenne*

                        Ryan M. Sollenne, Esq.
                        Assistant Corporation Counsel
                        City of Buffalo Department of Law
                        65 Niagara Square, 1115 City Hall
                        Buffalo, New York 14202
                        (716) 851-9661

TO:   Mary E. Maloney, Esq.
       Maloney & Maloney

4

FILED: ERIE COUNTY CLERK 04/09/2025 04:20 PM

NYSCEF DOC. NO. 2

INDEX NO. 804735/2025

RECEIVED NYSCEF: 04/09/2025

Attorneys for Plaintiffs
256 Third Street, Suite 31
Niagara Falls, New York 14303
(716) 282-2356

5

# Exhibit E

FILED: ERIE COUNTY CLERK 04/09/2025 04:20 PM    INDEX NO. 804735/2025
NYSCEF DOC. NO. 3                                    RECEIVED NYSCEF: 04/09/2025

STATE OF NEW YORK
SUPREME COURT :  COUNTY OF ERIE

CHEVALIER R. JONES,

        Plaintiff,                    **NOTICE OF DEPOSITION**

     v.                                        Index No. 804735/2025

CITY OF BUFFALO,
BUFFALO POLICE DEPARTMENT,
PATRICK S. GARRY, JONATHAN J. HANOVER, and
JOHN and JANE DOES 1-6 ARE UNIDENTIFIED
OFFICERS OF THE BUFFALO POLICE DEPARTMENT,

        Defendants.

      **PLEASE TAKE NOTICE**, that pursuant to CPLR 3107, Defendants, City of Buffalo, Buffalo Police Department, Patrick S. Garry, Jonathan J. Hanover, and Buffalo Police Officers John and Jane Does numbers one through six, hereby notice the deposition testimony of Plaintiff, Chevalier R. Jones, before a court reporter and notary public at the City of Buffalo Law Department, 1100 City Hall, 65 Niagara Square, Buffalo, New York, or by video platform, the coordinates for such virtual method to be provided, at a date and time to be mutually agreed upon; and

      **PLEASE TAKE FURTHER NOTICE**, that pursuant to CPLR 3111, the Plaintiff is required to produce at the deposition all documents and other things reviewed by them to prepare for the deposition and to refresh their recollection of the facts of this case.

Dated: April 8, 2025
      Buffalo, New York

                               CAVETTE A. CHAMBERS
                               Corporation Counsel
                               Attorneys for Defendants

                               *Ryan M. Sollenne*

                               Ryan M. Sollenne, Esq.
                               Assistant Corporation Counsel
                               City of Buffalo Department of Law
                               65 Niagara Square, 1115 City Hall
                               Buffalo, New York 14202
                               (716) 851-9661

TO:    Mary E. Maloney, Esq.
        Maloney & Maloney

1

FILED: ERIE COUNTY CLERK 04/09/2025 04:20 PM    INDEX NO. 804735/2025

NYSCEF DOC. NO. 3    RECEIVED NYSCEF: 04/09/2025

Attorneys for Plaintiffs
256 Third Street, Suite 31
Niagara Falls, New York 14303
(716) 282-2356

2